

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

**ENTERED**
**08/26/2008**

|                          |     |                          |
|--------------------------|-----|--------------------------|
| IN RE                    | )   |                          |
|                          | )   |                          |
| MARK T. EASTHAM and      | )   | CASE NO. 08-80277-G3-13  |
| TRISHA A. EASTHAM,       | )   |                          |
|                          | )   |                          |
| Debtors,                 | )   |                          |
|                          | )   |                          |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "Motion of American Homestar Corp. For Relief from the Automatic Stay Against 6000 Share of Series C Common Stock in American Homestar Corp., Certificate Numbers C-6200 and C-6196 And Waiver of Section 362(e) Requirement" (Docket No. 21). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered denying the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Mark T. Eastham and Trisha A. Eastham ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 16, 2008.

On the petition date, Debtor[1] was employed by American Homestar Corp. ("AHC"). On October 12, 2007, Debtor borrowed $16,000 from AHC, in order to exercise options granted to him by AHC to purchase 3,000 shares of AHC stock. On November 1, 2007, Debtor borrowed an additional $16,000 from AHC, in order to exercise options granted to him by AHC to purchase another 3,000 shares of AHC stock. Both loans were secured by the stock Debtor purchased.

With respect to both the October 12, 2007 and November 1, 2007 transactions, Debtor signed a promissory note. Neither of the notes is in evidence. Craig Reynolds, the executive vice president and chief financial officer of AHC, testified that the notes were payable on the earlier of the termination of Debtor's employment with AHC or November 30, 2008.

Reynolds testified that he believes, based on his consultation with AHC's securities counsel, that the stock purchased by Debtor is subject to a one-year holding period before it may be sold. He testified as to some uncertainty as to whether the holding period runs from the date on which Debtor purchased the stock or from the date on which Debtor repays AHC's loan. The corporate by-laws or other documents which might address the purchase of stock options are not in evidence.

---

[1]In this opinion, where "Debtor" appears in the singular, it refers to Mark T. Eastham.

2

Reynolds testified that AHC's stock is traded on the over-the-counter market pink sheets. He testified that there is not an active market for AHC's stock. Reynolds testified that the last recorded trade of AHC's stock took place on May 9, 2008, at a price of $8.00 per share. He testified that an unrecorded private sale of stock took place on June 24, 2008, at a price of $4.075 per share.

Reynolds testified that Debtor's employment with AHC was terminated on July 12, 2008, approximately three weeks after the date of filing of the petition in the instant case.

Debtor testified that he requested that AHC purchase his stock. He testified that AHC offered $8.00 per share, but attached conditions to the sale to which Debtor refused to agree.

Debtor presented evidence as to the trading of AHC's stock in the year prior to the hearing on the instant motion. AHC's stock traded in a range between $5.15 and $10.50 per share. (Debtor's Exhibit D).

In the instant motion, AHC seeks relief from stay on grounds Debtor has no equity in the stock and the stock is not necessary to an effective reorganization.

Debtor's initial plan provided for Debtor to surrender the stock. (Docket No. 13). Debtor subsequently amended the plan to provide for Debtor to retain the stock and pay AHC's secured claims pursuant to the notes. (Docket No. 42). Debtor

3

testified that he intends to sell the stock in order to make payments called for under the Chapter 13 plan.  The plan has not been confirmed as yet.

Conclusions of Law

Section 362(d)(2) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d)(2).

The party requesting relief has the burden of proof on the issue of the debtor's equity in property.  11 U.S.C. § 362(g)(1).  The party opposing relief has the burden of proof on all other issues.  11 U.S.C. § 362(g)(2).

In the instant case, Debtor owes AHC $32,000 plus accrued interest.  There is no evidence as to the interest rate on the notes executed by Debtor.  As to the value of the stock, the sales on the over-the-counter market represent a range of values between $5.15 and $10.50 per share.  The court does not find the $4.075 per share value achieved in a private sale to be persuasive as to the value of Debtor's shares.

4

If no interest had accrued on the notes, a value of $5.34 per share would be sufficient to provide Debtor with equity in the shares.  At an interest rate of 18 percent, a value of $6.30 per share would be sufficient to provide Debtor with equity in the shares.  In light of the range of prices on sales in the past year, and in the absence of any other persuasive evidence on which to make a determination as to the value of the shares, the court concludes that AHC has not met its burden of proof on the issue of the Debtor's equity.

Based on the foregoing, a separate Judgment will be entered denying the "Motion of American Homestar Corp. For Relief from the Automatic Stay Against 6000 Share of Series C Common Stock in American Homestar Corp., Certificate Numbers C-6200 and C-6196 And Waiver of Section 362(e) Requirement" (Docket No. 21).

Signed at Houston, Texas on August 26, 2008.

_____
LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE